IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AXEL JOHNSON and SHERRIE JOHNSON,<br><br>                    Plaintiffs,<br><br>          v.<br><br>THE HANOVER INSURANCE COMPANY,<br><br>                    Defendant. | HONORABLE KAREN M. WILLIAMS<br><br><br>Civil Action<br>No. 1:23-cv-1294-KMW-AMD<br><br><br>**OPINION** |

**Anthony J. DiUlio, Esq.**
WHEELER, DIULIO & BARNABEI, P.C.
1650 Arch Street, Suite 2200
Philadelphia, PA 19103


*Counsel for Plaintiffs Axel Johnson and Sherrie Johnson*

**Jonathan M. Zagha, Esq.**
FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC
67 East Park Place, Suite 901
Morristown, NJ 07960

*Counsel for Defendant The Hanover Insurance Company*

**WILLIAMS, District Judge:**

## I.    INTRODUCTION

Plaintiffs Axel and Sherrie Johnson ("Plaintiffs") move for reconsideration of the Court's May 29, 2025 Opinion and Order granting summary judgment in favor of the defendant, The Hanover Insurance Company ("Hanover"). The Court has considered the parties' submissions and decides the Motion on the papers without oral argument. For the reasons set forth below, Plaintiffs' Motion for Reconsideration is denied.

## II.    BACKGROUND

Plaintiffs claimed a May 2022 hailstorm damaged their roof and that their homeowner's insurance policy required Hanover to pay the full replacement-cost estimate (approximately $124,000) for a new roof. Hanover subsequently retained an independent adjuster and an engineering firm to assess the property; both found hail damage to certain soft-metal components (*e.g.*, fascia, vents, downspout), but concluded the roof itself showed wear-related thermal blistering and cracking—not hail damage. Hanover denied roof-replacement coverage but paid a small amount for covered metal damage (after correcting an initial deductible mistake). Plaintiffs sued for breach of contract and bad faith, also complaining Hanover refused to submit the roof dispute to appraisal.

The Court granted Hanover summary judgment on both claims. On the breach-of-contract claim, it was undisputed that—even assuming Plaintiffs could prove that hail caused the extent of the damage they claimed—the Policy unambiguously limited their recovery to the actual cash value ("ACV") of their roof. Plaintiffs also did not dispute that they possessed no evidence or calculation of the ACV of their roof, relying instead on the replacement-cost ("RC") figure estimated by their roofer. In lieu of supplying ACV evidence, Plaintiffs advanced various arguments effectively seeking to be relieved of their burden of proving ACV, including a contention that they should be equitably excused from the Policy's ACV limitation and permitted to recover RC damages instead. The Court considered those arguments, found them to be unsupported by the law and the facts, and granted summary judgment on their breach-of-contract claim for lack of proper damages evidence. The Court also granted summary judgment on their bad-faith claim, for reasons that need not be discussed here.

Plaintiffs now move under Feral Rule of Civil Procedure 59(e), asking the Court to set aside its ruling, but only as to their breach-of-contract claim.

## III.    LEGAL STANDARD

A motion for reconsideration, although not expressly authorized by the Federal Rules of Civil Procedure, "is generally treated as a motion to amend or alter judgment under [Rule] 59." *In re Taylor*, 343 F. App'x 753, 755 (3d Cir. 2009); *see also Rich v. State*, 294 F. Supp. 3d 266, 277 (D.N.J. 2018). The scope of such a motion is "extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "[A] judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)) (alteration in original); *see also Bernard v. E. Stroudsburg Univ.*, 700 F. App'x 159, 166 (3d Cir. 2017).

## IV.    DISCUSSION

In their Motion, Plaintiffs articulate five bases for setting aside summary judgment, each packaged as an effort to correct an "error of law" and prevent "manifest injustice." *See* Mot. Br. at 8, 12, 14, 15, 17. However, Plaintiffs' invocation of those phrases is purely rhetorical. They do not contend that the Court misapprehended a governing legal standard, misapplied the law to undisputed facts, or failed to resolve a dispositive argument they had developed and presented in opposition. Indeed, nowhere in their Motion do they pinpoint any concrete mistake in the Opinion, much less a clear error of law. Instead, Plaintiffs—now represented by new counsel—use the reconsideration label to retool their case and rerun summary judgment: they seek to supplement

the record with new affidavit evidence containing never-before-seen allegations aimed at manufacturing disputes of fact; they advance new arguments to replace the flawed ones the Court considered and rejected; and they unveil entirely new theories of contract avoidance and damages that were never previously asserted. Where Plaintiffs are not offering something new, they simply repackage previously asserted contentions on issues the Opinion already resolved. These are the classic indicia of an improper motion for reconsideration.

Again, the scope of a motion for reconsideration is "extremely limited." *Blystone*, 664 F.3d at 415. Such motions "may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* They "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (quoting 11C WRIGHT & MILLER'S FED. PRAC. AND PROC. § 2810.1 (2d ed. 1995)); *see also Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 191 (3d Cir. 2021) ("[M]otions for reconsideration are not a vehicle to argue facts or issues that were not raised."). Yet, that is precisely what Plaintiffs attempt to accomplish here.

The Court need not undertake a point-by-point analysis of Plaintiffs' asserted grounds for setting aside summary judgment. It suffices to note that the Court has reviewed and considered Plaintiffs' contentions, comparing each against the evidentiary record, the arguments they originally raised in opposition to summary judgment, and the text of the Opinion itself. The Court discerns no clear legal error. In essence, Plaintiffs' Motion posits that it would be unfair for the Court's decision to stand in light of what they now wish to add, reframe, or argue about their case. That is not a basis for vacating summary judgment under Rule 59(e).

## V.    CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for reconsideration is denied.


Date: February 3, 2026

_____
KAREN M. WILLIAMS, U.S.D.J.